IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jason Gores, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No: 3:11-cv-66 |
| vs. | ) |
| | ) **ORDER** |
| Department of Human Services, | ) |
| | ) |
| Respondent. | ) |

Petitioner Jason Gores ("Gores"), who is proceeding *in forma pauperis* ("IFP"), filed a petition for habeas relief under 28 U.S.C. § 2254 seeking release from his civil commitment. (Doc. #2). Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an IFP action and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Gores is civilly committed at the North Dakota State Hospital, presumably as a sexually dangerous individual. Rule 2(a) of the Rules Governing Section 2254 Cases states that a petition for habeas relief must name as the respondent the officer who has custody of the petitioner. "[T]here is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the [petitioner's] body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2005). Inasmuch as Alex Schweitzer is the superintendent of the North Dakota State Hospital and thus is petitioner's custodian, he should be substituted for the Department of Human Services as the proper party respondent. The Clerk of Court is **ORDERED** to amend the caption to reflect Alex Schweitzer as the respondent and it is further **ORDERED** that the petition be **DISMISSED** with prejudice as to the Department of Human Services.

Gores states in his petition that he was civilly committed as a sexually dangerous individual on December 2, 2002, when he was eighteen years old. He claims the state petitioned for his civil commitment after he was charged with indecent exposure when he was fifteen years old. Gores states that he was showering at the "Leo Hoffman Center" when some boys opened the shower door, and that he did his best to "coverup." (Doc. #2, p.5). He was allegedly told by staff at the center that it was not his fault. (Doc. #2, p. 13).

Gores states that he did not appeal from the civil commitment order allegedly because he received ineffective assistance of counsel. He claims his attorney told him he could not appeal from the civil commitment order and that it was not necessary. Gores states that his rights have been violated since he was eighteen years old, he has "not been able to appeal anything," and he "did not commit any crimes." (Doc. #2, pp. 11, 13).

Liberally construing the pro se petition, it appears Gores alleges that he received ineffective assistance of counsel with regard to the civil commitment proceedings, and that he is innocent of the charge of indecent exposure. The court does not know whether Gores was actually convicted of that offense, but in any event Gores is not in custody on that charge and can no longer challenge its validity through habeas proceedings.[1]

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). At this time, the court assumes Gores has a due process right to effective assistance of

---

[1] Habeas corpus relief is only available to a prisoner if he is in custody. 28 U.S.C. § 2241(c). A habeas petition filed after a prisoner's sentence has expired fails to satisfy the custody requirement. Cotton v. Marbary, 674 F.2d 701, 703-04 (8th Cir. 1982).

counsel in civil commitment proceedings. See N.D. Cent Code §§ 25-03.3-09 and 25-03.3-19 (state statutes providing that an individual has a right to counsel at commitment proceedings and on appeal from an order of commitment); Lassiter v. Dep't of Soc. Services, 452 U.S. 18, 27 (1981) (there is a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.").

28 U.S.C. § 2254(b)(1) requires a petitioner to exhaust his state remedies before filing a petition for habeas relief in federal court. The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).

"To satisfy the exhaustion requirement, [Gores] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law." (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999))). It appears that Gores has no state remedy to pursue to exhaust his claim that he received ineffective assistance of counsel in relation to the commitment proceedings, and that he may never have had a state remedy to pursue regarding that claim even if he had filed a timely appeal. N.D. Cent. Code § 25-03.3-19 provides that a notice of appeal must be filed within thirty days after entry of the civil commitment order and that the appeal "must be limited to a review of the procedures, findings, and conclusions of the committing court." Therefore, at this time the court assumes that Gores has technically exhausted his claim.

Gores' petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. The Eighth Circuit has recently held that the court should not dismiss a habeas petition as untimely prior to service on the respondent. See Coppage v. Redman, No. 11-1643, 2011 WL 2623551, at *1 (8th Cir. July 5, 2011) (unpublished per curiam). The court realizes that the civil commitment order was entered nearly nine years ago, but given the recent holding by the Eighth Circuit, the court is obligated to order service upon the respondent. Upon service of the petition, the respondent should only address the timeliness of the petition and whether or not the respondent chooses to waive any statute of limitations defense.

It is **ORDERED** that a copy of the petition and this order be served upon the respondent. Upon service, the respondent shall have sixty (60) days to file a limited response addressing the issue of timeliness as outlined in the court's order.

Dated this 30th day of August, 2011.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge