IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jason Gores, | ) |
|       Petitioner, | ) |
|       vs. | ) Case No: 3:11-cv-66 |
| Alex Schweitzer, | ) **ORDER** |
|       Respondent. | ) |

Petitioner Jason Gores ("Gores"), who is proceeding *in forma pauperis* ("IFP"), filed a petition for habeas relief under 28 U.S.C. § 2254 seeking release from his civil commitment. (Doc. #2). On October 27, 2011, the respondent filed a response and a motion to dismiss the habeas petition. Local Civil Rule 7.1 provides that Gores had twenty-one days after service of the memorandum in support of the motion to dismiss to file a response to the motion. Gores has not responded to the motion and the time to do so has expired. "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Civ. L.R. 7.1(F). The court finds petitioner has admitted that the motion to dismiss is well taken. Additionally, the court finds that Gores' habeas petition is time-barred.

In his habeas petition Gores states that he is challenging the 2002 order for his civil commitment. He claims the state petitioned for his civil commitment after he was charged with indecent exposure when he was fifteen years old. Gores states that he was showering at the "Leo Hoffman Center" when some boys opened the shower door, and that he did his best to "coverup." (Doc. #2, p. 5). He was allegedly told by staff at the center that it was not his fault. (Doc. #2, p. 13).

Gores states that he did not appeal from the civil commitment order, allegedly because his attorney told him several things, including that Gores could not appeal from the civil

commitment order, that it was not necessary, that Gores "did not have to" file an appeal, and that "it would not do any good." (Doc. #2). Gores states that his rights have been violated since he was eighteen years old, he has "not been able to appeal anything," and he "did not commit any crimes." (Doc. #2, pp. 11, 13).

Liberally construing the pro se petition, it appears Gores alleges that he received ineffective assistance of counsel, and that he is innocent of the charge of indecent exposure. The court does not know whether Gores was actually convicted of the charge of indecent exposure relating to the incident at the Leo A. Hoffman Center,[1] but in any event Gores is not in custody on that charge and can no longer challenge its validity through habeas proceedings.[2]

Respondent has advised the court that in 2009 Gores filed a state petition for discharge from his civil commitment. His petition was denied and Gores appealed the order denying the petition for discharge to the North Dakota Supreme Court. The North Dakota Supreme Court summarily affirmed the order on April 12, 2011. This court does not construe Gores' habeas petition as challenging the order denying his petition for discharge. Gores does not mention his state petition for discharge anywhere in his federal habeas petition.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

---

[1] The record reflects that Gores was formally adjudicated for the offense of indecent exposure in 1997, but the incident at the Leo A. Hoffman Center did not occur until 2000. (Resp. Ex. #1).

[2] Habeas corpus relief is only available to a prisoner if he is in custody. 28 U.S.C. § 2241(c). A habeas petition filed after a prisoner's sentence has expired fails to satisfy the custody requirement. <u>Cotton v. Marbary</u>, 674 F.2d 701, 703-04 (8th Cir. 1982).

2

2254(a).  At this time, the court assumes without deciding that Gores has a due process right to effective assistance of counsel in civil commitment proceedings.  See Lassiter v. Dep't of Soc. Services, 452 U.S. 18, 27 (1981) (there is a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty").

28 U.S.C. § 2254(b)(1) requires a petitioner to exhaust his state remedies before filing a petition for habeas relief in federal court.  The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).

"To satisfy the exhaustion requirement, [Gores] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue."  Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law." (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999))).  The court assumes without deciding that there are no state remedies for Gores to pursue to exhaust his claim that he received ineffective assistance of counsel.  The court deems Gores' claim as technically exhausted.

Gores' habeas petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year statute of limitations for filing federal habeas petitions. The AEDPA provides that the one-year statute of limitations starts to run from the latest of several triggering dates, including on the date when the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review, and on the date

3

on which the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A) and (D). The order for Gores' civil commitment was entered on November 12, 2002. (Doc. #7-1; Resp. Ex. #6). Gores did not file his federal habeas petition until July 20, 2011, nearly nine years later.

Gores insinuates that he did not know he had a claim for ineffective assistance of counsel because he thought his attorney's advice that he could not appeal the civil commitment order was sound. Gores does not state when he discovered the factual predicate of his claim. Despite Gores' insinuation, Gores also states in his petition that his attorney said "it would not do any good" to appeal, and that his "attorney advised [him] not to [appeal because] it [was] not necessary." (Doc. #2). These inconsistent statements not only cast doubt on Gores' underlying claim, but also clearly indicate that Gores should have known he had a right to an appeal. The statute of limitations was triggered pursuant to 28 U.S.C. § 2244(d)(1)(A), and Gores petition is time-barred from federal review.[3]

The court recognizes that, as a matter of equity, this court may toll the AEDPA's statute of limitations. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003). Case law provides that

---

[3] Alternatively, Gores has not established that had his attorney advised him to appeal the civil commitment order, "there is a reasonable probability that . . . the result of the proceedings would have been different," which is required to establish a claim for ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 694 (1984).

4

"any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 123 S.Ct. 1361 (2003)); see also Baker, 321 F.3d at 772 (stating that "[p]risoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul"). Thus, equitable tolling provides an extremely limited opportunity for this court to consider an otherwise time-barred petition. Gores has not established any justification for equitable tolling.

Gores' habeas petition is time-barred from federal review. It is **ORDERED** that the respondent's motion to dismiss (Doc. #8) is **GRANTED** and Gores' habeas petition is **DISMISSED** with prejudice. Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)). If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).

Additionally, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); see also Coppedge v. United States, 360 U.S. 438, 444-45 (1962).

5

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 28th day of December, 2011.

                                                /s/ *Karen K. Klein*
                                                Karen K. Klein
                                                United States Magistrate Judge